# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLAS HONCHARIW, TRUSTEE, HONCHARIW FAMILY TRUST,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COUNTY OF STANISLAUS AND BOARD OF SUPERVISORS OF COUNTY OF STANISLAUS,**<br><br>**Defendants.** | 1:16-cv-1183-LJO-BAM<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (Doc. 6)** |

## I. INTRODUCTION

Plaintiff Nicholas Honchariw, as trustee for the Honchariw Family Trust, brings takings and due process claims against the County of Stanislaus ("the County") and the Board of Supervisors of County of Stanislaus ("the Board") (collectively, "Defendants") arising out of the County's denial of his application to subdivide his property. Doc. 1, Complaint ("Compl."). Defendants now move to dismiss the case without leave to amend under Federal Rule of Civil Procedure[1] 12(b)(6), contending that both claims are barred by res judicata, *Williamson County*[2], and the applicable statute of limitations, and that his due process claim nonetheless fails to state a claim. Doc. 6.[3]

The Court took the matter under submission on the papers pursuant to Local Rule 230(g). For the

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedures unless otherwise indicated.

[2] *Williamson Cty. Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985).

[3] In support of their motion, Defendants request that the Court take judicial notice of several documents, all of which are state court filings. Doc. 7. Because these documents are undisputed matters of public record and properly subject to judicial notice under Federal Rule of Evidence 201, the Court GRANTS Defendants' request.

1

following reasons, the Court GRANTS Defendants' motion to dismiss without leave to amend.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2006, Plaintiff applied to the Board for approval under California's Subdivision Map Act ("the Map Act"), Cal. Gov't Code §§ 66410 *et seq.* of his proposed development project on land he owns. Compl. at ¶¶ 1, 20. In February 2009, the County Planning Commission denied Plaintiff's application without making any findings. *Id.* at ¶ 26. Plaintiff appealed the decision to the Board, which denied the appeal in March 2009 and voted not to approve the project. *Id.* at ¶ 28. In June 2009, Plaintiff filed a petition for writ of administrative mandamus in California state court in which he argued the Board was required under California Government Code § 65589.5(j) ("§ 65589.5(j)") to make written findings in support of its decision to deny the project. *Id.* at ¶ 36; *see also Honchariw v. Cty. of Stanislaus*, 200 Cal. App. 4th 1066, 1069 (2011) ("*Honchariw I*"). In March 2010, the trial court denied the petition, finding that § 65589.5(j) did not apply[4] and, accordingly, the Board was not required to make written findings. *Id.* The Court of Appeal reversed, and ordered the trial court to issue a writ of mandate directing the Board to vacate its decision and reconsider Plaintiff's application in a manner consistent with the court's opinion. *Id.* at 1081. The court specifically directed the Board to make written findings consistent with the requirements of § 65589.5(j), if it found that statute applied and Plaintiff's application should be denied. *Id.*

In May 2012, the Board approved Plaintiff's application. Compl. at ¶ 49. In December 2012, Plaintiff sued the County in state court, seeking damages for (1) a temporary taking of his property by inverse condemnation, in violation of the California constitution and the Fifth Amendment; and (2) the denial of his substantive due process rights under the Fifth and Fourteenth Amendments. *Id.* at ¶ 61. Plaintiff "reserve[d] its right to litigate its federal takings claim in federal court under the authority of *England v. Louisiana State Bd. of Med. Examiners* (1964) 375 U.S. 411." Doc. 7-1, Second Amended

---

[4] The reason for this finding and its subsequent reversal by the Court of Appeal in *Hornichaw I* is not relevant to the disposition of Defendants' motion.

2

State Court Complaint ("SAC"), at ¶ 45; Compl. at ¶¶ 8, 66; *see also* Doc. 7-2 (state trial court noting that "Plaintiff has reserved his federal claims to bring in federal Court. What effect that may have in subsequent related actions is not now before this Court.").

Defendants demurred on numerous grounds, including that Plaintiff's claims were barred by the 90-day statute of limitations contained in Government Code § 66499.37 ("§ 66499.37"), which applies to any action challenging a government entity's decision under the Map Act. *Id.* at ¶¶ 63-65.[5] After multiple attempts at amendment, the trial court sustained Defendants' demurrer without leave to amend. *Id.* at ¶ 65. The court found that Plaintiff's claims accrued in May 2012, when the Board approved his application, and therefore agreed with Defendants that the claims, filed in December 2012, were untimely under § 66499.37's 90-day deadline. *Id.* at ¶ 65; *see also Honchariw v. Cty. of Stanislaus*, 238 Cal. App. 4th 1, 4 (2015) ("*Honchariw II*").

The Court of Appeal agreed and affirmed. *Id.* at 5. Plaintiff argued, among other things, that the § 65589.5(j) 90-day statute of limitations should not bar his May 2012 case because he previously filed a mandamus petition in 2009 within the of limitations period, citing *Hensler v. City of Glendale*, 8 Cal. 4th 1 (1994), which permitted regulatory takings damages claims to be brought outside the limitations if they were preceded by a successful mandamus action (brought within the limitations period) challenging the regulation. After an extensive discussion of *Hensler* and its progeny, the Court of Appeal found that the 2009 mandamus action did not trigger *Hensler* because that mandamus action did not raise a takings-based challenge. Put another way, if Plaintiff wanted to challenge the Board's denial as an unconstitutional taking, he was required to do so within 90 days of the denial. Because no compensable

---

[5] Section 66499.37 provides in relevant part:

> Any action or proceeding to attack, review, set aside, void, or annul the decision of an advisory agency, appeal board, or legislative body concerning a subdivision, or of any of the proceedings, acts, or determinations taken, done, or made prior to the decision, or to determine the reasonableness, legality, or validity of any condition attached thereto, including, but not limited to, the approval of a tentative map or final map, shall not be maintained by any person unless the action or proceeding is commenced and service of summons effected within 90 days after the date of the decision. Thereafter all persons are barred from any action or proceeding or any defense of invalidity or unreasonableness of the decision or of the proceedings, acts, or determinations.

taking had been established in the 2009 action, the 2012 action was time-barred.[6]

The California Supreme Court denied Plaintiff's petition for review in August 2015. Doc. 7-4. Plaintiff filed this case in August 2016, asserting claims for: (1) a taking without just compensation under the Fifth and Fourteenth Amendments; and (2) denial of his due process rights under the Fifth and Fourteenth Amendments. Compl. at 20, 21. The basis for Plaintiff's takings claim is that "the Board's disapproval of [his] subdivision application in March 2009 . . . effected a temporary taking of [his] constitutionally-protected property rights requiring compensation under the Fifth and Fourteenth Amendments." *Id.* at ¶ 78. Plaintiff alleges he

> has exhausted all of his administrative remedies and all of his state court remedies for compensation but has been denied just compensation. The state court procedures for providing compensation were unavailable or inadequate because they required Plaintiff to obtain a final judgment establishing a right to compensation in an action filed within the 90-day limitations period of the Subdivision Map Act. This was infeasible because there was no claim for a taking or denial of due process until Plaintiff had a ripe claim upon the final, definitive action of the Board of approval of the subdivision in May 2012. Until then any such claim was premature and unwarranted by existing law.

*Id.* at ¶ 80.

In his second claim, Plaintiff alleges that the Board's denial of his application also violated his due process rights. *Id.* at ¶ 87. Specifically, Plaintiff asserts that

> Defendants had no basis to disapprove Plaintiff's project without compliance with the requirement of [§665589.5(j)] that disapproval could only be based upon written findings of a serious, adverse impact upon public health or safety which could not be satisfactorily mitigated or avoided. No such finding had or could be made. The disapproval was arbitrary and capricious and/or was willful and deliberate obstruction of Plaintiff's constitutionally-protected property rights.

*Id.* at ¶ 88.

---

[6] Although the trial court apparently found the statute of limitations began to run when the Board approved Plaintiff's application in May 2012, Compl. at ¶ 65; Doc. 7-2 at 5, the Court of Appeal held that it began when the Board denied his application in March 2009. *See Honchariw II*, Cal. App. 4th at 14-15. The appellate court further held that even if, as Plaintiff asserted, the statute of limitations did not begin to run until the Board's May 2012 approval of his application, his "inverse condemnation complaint was untimely because it was filed in December 2012, well after" the 90-day statute of limitations. *Id.*

4

Defendants move to dismiss both claims with prejudice. Doc. 6. Defendants assert both claims are barred by res judicata because the California Court of Appeal so concluded in *Honchariw II*. Defendants argue that, even if not barred by res judicata, Plaintiff's takings claim is barred by *Williamson County*, and his due process claim is barred by § 1983's two-year statute of limitations and, in any event, fails to state a claim.

### III. STANDARD OF DECISION

**A.  Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must, in accordance with Rule 8, allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . .

are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

Under Rule 9(b), a plaintiff alleging fraud or mistake "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "This means the plaintiff must allege 'the who, what, when, where, and how of the misconduct charged.'" *United States v. United Healthcare Insurance Company*, 832 F.3d 1084, 1101 (9th Cir. 2016) (internal citations omitted). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also '…to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B.   Rule 12(b)(1)[7]**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.

---

[7] Although Defendants move to dismiss Plaintiff's claims only under Rule 12(b)(6), they effectively argue his takings claim should be dismissed for lack of jurisdiction, which is analyzed under Rule 12(b)(1). In any event, the Court has a duty to determine its jurisdiction sua sponte, if necessary. *See B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).


1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "If the challenge to jurisdiction is a facial attack, i.e., the defendant contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *Cervantez v. Sullivan*, 719 F. Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992). "The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*; *see also Cassirer v. Kingdom of Spain,* 580 F.3d 1048, 1052 n. 2 (9th Cir. 2009), *rev'd on other grounds en banc*, 616 F.3d 1019 (9th Cir. 2010) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to a facial motion to dismiss for lack of subject matter jurisdiction).

A Rule 12(b)(1) motion can be made as a speaking motion -- or factual attack -- when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979); *see Savage,* 343 F.3d at 1039-40 n. 2. A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment motion. *See Safe Air for Everyone,* 373 F.3d at

1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage,* 343 F.3d at 1039-40, n. 2. In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air,* 373 F.3d at 1039. Few procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations. *St. Clair v. City of Chico*, 880 F.2d 199, 200-202 (9th Cir. 1989). The court may permit discovery before allowing the plaintiff to demonstrate the requisite jurisdictional facts. *Id*. A court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are separable from the merits. *Rosales v. United States*, 824 F.2d 799, 802-803 (9th Cir. 1987). However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the court should dismiss for lack of jurisdiction only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, the intertwined facts must be resolved by the trier of fact. *Id*.

## IV. ANALYSIS

**A.     Plaintiff's takings claim is not ripe.**

In *Williamson County*, the Supreme Court held:

> A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.

473 U.S. at 186. The Ninth Circuit subsequently applied *Williamson County* to takings claims. *See Hoehne v. Cty. of San Benito*, 870 F.2d 529, 532 (9th Cir. 1989).

As the Eleventh Circuit succinctly explained, "*Williamson County* boils down to the rule that state courts always have a first shot at adjudicating a takings dispute because a federal constitutional claim is not ripe until the state has denied the would-be plaintiff's compensation for a putative taking." *Agripost, LLC v. Miami-Dade Cty., Fla.*, 525 F.3d 1049, 1052 (11th Cir. 2008). Accordingly, a

plaintiff's federal takings claim is not ripe unless and until the plaintiff has finished pursuing its state law remedies. *See Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1089 (9th Cir. 2015).

Though Plaintiff attempted to pursue his takings claim in state court, he failed to do so within the applicable statute of limitations and therefore the claim was time-barred. Although the Ninth Circuit has not decided the issue directly, "[a]t least three circuits have dismissed the federal claims of a plaintiff who failed to use state procedures before they were time-barred, even though the inability to file in state court meant plaintiff 'ha[d] permanently prevented the claim from ever ripening.'" *Holliday Amusement Co. of Charleston, Inc. v. South Carolina*, 493 F.3d 404, 408 (4th Cir. 2007) (quoting *Liberty Mut. Ins. Co. v. Brown*, 380 F.3d 793, 799 (5th Cir. 2004)) (citing *Pascoag Reservoir & Dam, LLC v. Rhode Island*, 337 F.3d 87, 94 (1st Cir. 2003); *Harbours Pointe of Nashotah, LLC v. Vill. of Nashotah*, 278 F.3d 701, 706 (7th Cir. 2002)).

The Ninth Circuit's decision in *Daniel v. County of Santa Barbara*, 288 F.3d 375, 380 (9th Cir. 2002), however, strongly suggests (if not establishes) that it agrees with these courts' conclusions. In that case, the plaintiffs did not bother to seek any state-court remedy for an alleged governmental taking. *Id.* at 381. The Ninth Circuit observed:

> Assuming that adequate state procedures were available to seek such compensation, the failure of [plaintiffs] to seek just compensation meant that they never created ripe federal takings claims. <u>The failure of [plaintiffs] to use such state procedures cannot now be cured because the applicable state limitation periods have long since expired.</u>

*Id.* (emphasis added). Accordingly, the plaintiffs could never satisfy the second *Williamson County* requirement and, accordingly, could never have a ripe federal takings claim. *See id.*

Plaintiff does not and cannot dispute that he "ignored [his state law] remedies until it was too late." *Pascoag*, 337 F.3d at 94. The Court therefore lacks jurisdiction over his takings claim because it is not ripe. *See St. Clair*, 880 F.2d at 201 (ripeness pertains to a federal court's subject matter jurisdiction). Because that cannot be cured, the Court DISMISSES the claim without leave to amend.

**B.      Plaintiff's due process claim is time-barred and fails to state a claim.**

The basis for Plaintiff's second claim is that Defendants violated his Fifth and Fourteenth Amendment right to due process when the Board denied his application in February 2009 without making factual findings, which the Court of Appeal subsequently held was required under § 65589.5(j). Compl. at ¶¶ 87-88.[8] The claim, brought under § 1983, is subject to a two-year statute of limitations. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1027 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims . . . and in California, that limitations period is two years.") (citations omitted). Plaintiff does not dispute his claim was filed outside this statute of limitations; however, he argues the statute was tolled during his state court proceedings. Doc. 9 at 16.

Plaintiff asserts his due process claim, predicated on the Board's 2009 *denial* of his application, did not accrue until the Board *approved* his application in 2012. Frankly, the Court does not follow the logic of this argument. The Court of Appeal in *Honchariw II* found that Plaintiff's due process claim in that case, which is materially indistinguishable from the one he brings in this case, accrued when the Board denied his application in 2009. The Court agrees. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Plaintiff correctly notes that he potentially could have tolled the statute of limitations pending his state court proceedings. "[I]t is well established in California that the statute of limitations is equitably tolled on claims in a second-filed action only during the pendency of identical claims in a first-filed action that was pursued in a different forum." *Mitchell v. Snowden*, No. 2:15-cv-1167-TLN-AC P, 2016

---

[8] Plaintiff seems to suggest in his opposition that the County's alleged failure to prepare a timely administrative record for his 2009 mandamus proceedings violated his due process rights. *See* Doc. 9 at 12. Although he alleges in his complaint that the County failed to provide the record for over 190 days after he requested it in April 2009, allegedly in violation of a provision of the Map Act, *see* Compl. at ¶ 35, he does not indicate in the complaint that this forms part of the basis for his due process claim. *See id.* at ¶¶ 86-90. But, for the reasons explained below, even if it did, the claim would remain barred by the statute of limitations and would not state a cognizable due process violation.

10

WL 5407858, at *5 (E.D. Cal. June 10, 2016) (collecting cases). Plaintiff therefore could have tolled the statute of limitations had he filed his due process claim in his 2009 mandamus action, but he did not assert any due process violation until his 2012 case. *See Honchariw II*, 238 Cal. App. 4th at 14-15. The statute therefore was not tolled and, accordingly, his due process claim remains time-barred.

Even if it were timely, his due process claim fails to state any due process violation. As noted, the only basis for the claim is Plaintiff's assertion that the Board's denial of his application without making factual findings violated his due process rights. To state a claim on that basis, the Board's action must have been so "egregious" that it amounts to an "abuse of power lacking any reasonable justification in the service of a legitimate governmental objective." *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) (citations and quotation marks omitted). This is an "exceedingly high burden." *Matsuda v. City & Cty. of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008). The Court cannot find—and Plaintiff does not provide—any authority that remotely supports Plaintiff's position that the Board's conduct violated his due process rights. Because amendment would be futile, the Court DISMISSES Plaintiff's due process claim without leave to amend.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss without leave to amend. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **November 14, 2016**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE