UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS HONCHARIW, Trustee, Honchariw Family Trust,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS; BOARD OF SUPERVISORS OF COUNTY OF STANISLAUS,<br><br>Defendants. | No. 1:16-cv-01183-NONE-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 27) |

Pursuant to a Ninth Circuit's order remanding this case in light of the Supreme Court's decision in this matter, the court set a dispositive motion schedule in order to facilitate reconsideration of the previously assigned district judge's November 14, 2016 order dismissing this case with prejudice. (Doc. No. 21.) Plaintiff Nicholas Honchariw, as trustee for the Honchariw Family Trust, brought this action against defendants County of Stanislaus (the "County") and the Board of Supervisors of the County of Stanislaus (the "Board") seeking just compensation for temporary regulatory takings under the Fifth Amendment and denial of due process under 42 U.S.C. § 1983 ("§ 1983"). (Doc. No. 1 ¶¶ 1, 9.) In this court's November 14, 2016 order granting defendants' motion to the dismiss, the court found that plaintiff's takings

/////

/////

1

claim[1] was not ripe for federal adjudication under the decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), *overruled in part by Knick v. Township of Scott, Pennsylvania*, ___U.S.___, 139 S. Ct. 2162 (2019), and that his due process claim was time-barred. (Doc. No. 13 at 8–11.) Accordingly, the court entered judgment in defendants' favor and dismissed this action on November 14, 2016. (Doc. No. 14.) Plaintiff appealed the judgment. (Doc. No. 15.) After the Ninth Circuit affirmed this court's judgment (Doc. No. 18), plaintiff sought review in the Supreme Court (Doc. No. 28-1). Following its decision in *Knick*, in which *Williamson County* was partially overruled, the Supreme Court remanded this case back to the Ninth Circuit for reconsideration. *See Honchariw v. Cty. of Stanislaus*, Cal., ___U.S.___, 139 S. Ct. 2772 (2019). The Ninth Circuit in turn remanded this case to this court for reconsideration in light of the decision in *Knick*. (Doc. No. 21).

      Rather than reconsidering its decision without the benefit of further input from the parties, the court instructed them to file a new round of briefing. (Doc. No. 25.) Thereafter, on September 27, 2019, defendants filed a motion for judgment on the pleadings arguing that the court should still enter judgment in their favor, notwithstanding the decision in *Knick*. (Doc. No. 27 at 1–3.) Plaintiff opposed defendants' motion on October 18, 2019 (Doc. No. 31), and defendants replied thereto six days later (Doc. No. 32).

/////
/////
/////
/////
/////
/////

---

[1] The Takings Clause of the Fifth Amendment, "which constrains municipalities through its incorporation by the Fourteenth Amendment, states 'nor shall private property be taken for public use, without just compensation.'" *Weinberg v. Whatcom Cty.*, 241 F.3d 746, 752 (9th Cir. 2001) (quoting U.S. Const. amend. V). "[W]hile property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922).

**BACKGROUND**[2]

In 1992, plaintiff was named as the trustee to 33 acres of real property, also known as the Honchariw Family Trust, located along the Stanislaus River.  (Doc. No. 1 ¶¶ 9, 14, 16.)  The controversy in this case sprung from defendants' alleged temporary regulatory taking of plaintiff's real property.  It all began in June 2006, when plaintiff proposed to the County that his real property be subdivided into ten lots.  (*Id.* ¶¶ 1, 17, 20.)  The Stanislaus County Planning Commission rejected his proposal and plaintiff appealed that decision to the Board, which in turn affirmed the Commission's rejection on March 24, 2009, without making any findings.  (*Id.* ¶¶ 26, 28.)  In response, on June 22, 2009, plaintiff filed a writ of administrative mandamus against defendants in the Stanislaus County Superior Court challenging the Board's decision.  (*Id.* ¶ 36.)  Although the state trial court initially affirmed the Board's decision, the California Court of Appeal later reversed that determination.  (*Id.* ¶¶ 45–47).  The state appellate court found that the Board's rejection of plaintiff's proposal *without* making any findings was inconsistent with California law, and it ordered the trial court to direct the Board to reconsider its decision and, if the Board were to disapprove of plaintiff's proposal again, it must do so with "written findings." *Honchariw v. Cty. of Stanislaus*, 200 Cal. App. 4th 1066, 1081–82 (2011) ("*Honchariw I*").  Following these instructions, the state trial court issued the prescribed order to the Board.  (Doc.

/////

---

[2] Defendants ask the court to take judicial notice of (1) plaintiff's petition for writ of certiorari of this case to the Supreme Court, (2) the Supreme Court's judgment in this case, and (3) a graph of the house price index for Stanislaus County from the Federal Housing Finance Agency's website.  (Doc. No. 28.)  Defendants' request is partially granted pursuant to Federal Rules of Evidence 201.  The court hereby takes judicial notice of the graph on the County's webpage because it is made "publicly available" by a government entity, and "neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (citations omitted).  It is unnecessary for the court to take judicial notice of plaintiff's petition and the Supreme Court's judgment as they are part of the current proceeding, but the court takes judicial notice of the facts and proceedings in *Honchariw v. Cty. of Stanislaus*, 200 Cal. App. 4th 1066 (2011) and *Honchariw v. Cty. of Stanislaus*, 238 Cal. App. 4th 1 (2015). *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").  As it will become apparent below, the two California appellate court decisions that this court is taking judicial notice of are directly related to this case.

No. 1 ¶ 47.) On reconsideration, the Board changed course and approved plaintiff's application to subdivide his real property on May 22, 2012. (*Id.* ¶ 49.)

On December 12, 2012, plaintiff brought another suit against defendants in state court, this time seeking damages for (1) temporary taking of his property by inverse condemnation under California and federal constitutions, and (2) the denial of his substantive due process rights under the Fifth and Fourteenth Amendments. (*Id.* ¶ 61; Doc. No. 7-2 ¶¶ 41, 47.) The state trial court ultimately dismissed plaintiff's claims as untimely under the California Subdivision Map Act, and the state appellate court affirmed that dismissal order in June 2015. (Doc. No. 1 ¶ 65); *Honchariw v. Cty. of Stanislaus*, 238 Cal. App. 4th 1, 4 (2015) ("*Honchariw II*"). Plaintiff then petitioned the California Supreme Court for review, but that petition was denied on August 19, 2015.[3] (Doc. Nos. 1 ¶ 71; 7-4.)

After waiting approximately a year, plaintiff brought his takings and due process claims here in federal court on August 10, 2016. (Doc. No. 1 ¶¶ 77–90.) Plaintiff claims that he was deprived of substantially viable economic use of his property from March 2009—when defendants rejected his application to subdivide his property—to May 2012—when defendants finally approved his application to subdivide the property. (*Id.* ¶¶ 78, 80–85.)

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12. The standard of review on a 12(c) motion is "functionally identical" to its counterpart, a motion to dismiss under Rule 12(b)(6), with timing being the "principal difference" between them. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (1989). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the

---

[3] Plaintiff alleges that his petition for review was denied on August 10, 2015 (Doc. No. 1 ¶ 71), *but* the judgment issued by the California Supreme Court shows that the petition was denied on August 19, 2015 (*see* Doc. No. 7-4). This discrepancy in the date of denial, however, is not material to the disposition of defendants' pending motion, although the court will use the correct date for purposes of addressing the motion.

4

case.'" *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted). In resolving a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (noting that "the allegations of the moving party which have been denied [by the non-moving party] are assumed to be false."). To survive a 12(c) motion, "a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Lowden v. T-Mobile USA Inc.*, 378 F. App'x 693, 694 (9th Cir. 2010)[4] (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 (noting that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").

## ANALYSIS

Defendants move for judgment on the pleadings as to plaintiff's takings and due process claims based on the statute of limitations under California law. (Doc. Nos. 27 at 6–8, 18–19; 32 at 2–4, 9–10; *see also* Doc. No. 13 at 10–11.) While plaintiff's claims are based on different legal theories, both are based on the *same* alleged misconduct: defendants' "arbitrary and capricious" delay in approving plaintiff's application to subdivide his real property. (Doc. No. 1 ¶ 3.) For the reasons explained below, the court concludes that both of plaintiff's claims are time-barred and must be dismissed. The court turns first to plaintiff's takings claim.

**A.    Plaintiff's Takings Claim is Time-Barred**

Defendants contend that plaintiff's takings claim is time-barred. (Doc. No. 27 at 6–8.) Plaintiff opposes the pending motion on the ground that his takings claim is *not* subject to any

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

statute of limitations.  (Doc. No. 31 at 8).  As a preliminary matter, the court must therefore decide whether there is an applicable statute of limitations governing the initiation of plaintiff's takings claim.  To determine this, the court must first identify the nature of that claim.

Plaintiff does not bring his takings claim in this court pursuant to 42 U.S.C. § 1983, arguing that reliance on § 1983 is unnecessary because his takings claim "is rooted in the Constitution itself" and is "self-executing"—though, plaintiff cites no authority in support of this interpretation of the Constitution and § 1983.  (*See* Doc. Nos. 1 ¶¶ 77–85; 31 at 8.)   More importantly, the Ninth Circuit has held that "[t]aking claims *must* be brought under § 1983." *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003) (emphasis added) (citation omitted); *see also Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.  We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." (citations omitted)).  Since plaintiff's takings claim is not cognizable as a claim brought under the Constitution itself, the court liberally construes plaintiff's takings claim as one brought pursuant to § 1983 for violation of the Takings Clause.  *See Fleming*, 581 F.3d at 925 (holding that the complaint should be construed "in the light most favorable to the nonmoving party."); *see also Foman v. Davis*, 371 U.S. 178, 181 (1962) (holding the Federal Rules of Civil Procedure favors "decisions on the merits" and disfavors dismissal of claims based on "mere technicalities").  In so doing, the court notes that "[i]t is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026–27 (9th Cir. 2007) (citing Cal. Civ. Proc. Code § 335.1)[5].  Thus, there is a prescribed period of time after a takings claim accrues following which such a claim cannot be brought, and that period of time

---

[5] California Code of Civil Procedure § 335.1 states in pertinent part, "Within two years:  An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."  *See also CTS Corp. v. Waldburger*, 573 U.S. 1, 8–9 (2014) ("Statutes of limitations 'promote justice by preventing surprises through [plaintiffs'] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'").

6

in California is two years from the date of accrual. *See Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) ("Accrual is the date on which the statute of limitations begins to run . . . ." (citation omitted)).

The parties dispute *when* plaintiff's takings claim accrued as well as *whether* plaintiff is entitled to equitable tolling of the applicable statute of limitations.[6] Defendants argue that the two-year time limitations accrued when the Board denied plaintiff's appeal of his proposal to subdivide his property on March 24, 2009. (Doc. Nos. 27 at 7; 32 at 2.) Under this theory, plaintiff had until March 24, 2011 to timely file his takings claim. (Doc. No. 27 at 7.) Since plaintiff did not initiate this action until August 10, 2016, his takings claim would clearly be time-barred and, according to defendants, he is *not* entitled to any tolling. (*Id.*; Doc. No. 32 at 3–4.) Plaintiff disagrees, arguing first that his takings claim did not accrue until May 22, 2012 when the Board finally approved his application for subdivision. (Doc. No. 31 at 3–4.) Moreover, plaintiff contends, he is entitled to equitable tolling of the limitations period while his takings claim was being litigated in state court from December 12, 2012 until August 19, 2015—when the California Supreme Court denied plaintiff's petition for review. (*Id.* at 7.) Under plaintiff's theory, his takings claim filed on August 10, 2016, was timely brought because, with tolling accounted for, it was filed within two years of May 22, 2012.[7] These accrual date and tolling issues are legal, as opposed to factual, since the parties disagree only with respect to the legal significance of the facts and not the facts themselves. It appears that in order for his claim to be timely filed, plaintiff must prevail as a matter of law both on his contention that his claim did not accrue until May 22, 2012 and on his contention that the statute of limitations for the bringing of that claim was equitably tolled from December 12, 2012 until August 19, 2015. Below the court

---

[6] *See also Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) ("As a general matter, *equitable tolling* pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." (citation omitted)).

[7] There are 2,696 days from March 24, 2009 to August 10, 2016. If the accrual date is May 22, 2012, 1155 days may be subcontracted from 2,696, which equal 1,541 days. If plaintiff entitled to equitable tolling from December 12, 2012 to August 19, 2015, then another 980 days may be subcontracted from 1,541, which equal 561 days. That is less than two years, or 730 days.

7

will address the controlling legal standard governing when a takings claim accrues.

         1.        <u>Plaintiff's Takings Claim Accrued When It was Ripe</u>

"Although state law determines the statute of limitations for § 1983 claims, federal law governs *when* a claim accrues." *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018) (emphasis added) (citation omitted). Under federal law, the statute of limitations on a takings claim cannot begin to run until it has ripened. *See Norco Constr., Inc. v. King Cnty.*, 801 F.2d 1143, 1145–46 (9th Cir. 1986); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[I]t is 'the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action . . ..'"); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) ("A claim under section 1983 is not ripe—and a cause of action under section 1983 does not accrue—until that point."). More specifically, "[c]onstitutional challenges to local land use regulations are not considered by federal courts until the posture of the challenges makes them 'ripe' for federal adjudication."[8] *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990). Thus, to determine when plaintiff's § 1983 claim accrued, the court must first determine when plaintiff's takings claim was ripe for federal adjudication. *See Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1051–52 (9th Cir. 2004) ("In determining whether takings claims are properly before the court, we *first* determine whether the claim is ripe and *then* determine whether the claim is barred by a statute of limitations.")

Prior to the Supreme Court's recent decision in *Knick*, pursuant to *Williamson County*, a takings claim was deemed to be ripe when (1) "'the government entity charged with implementing the regulations has reached a final decision regarding the application of the [challenged] regulations to the property at issue,'" and the plaintiff has (2) "sought 'compensation

---

[8] The Supreme court has "noted that ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 734 n.7 (1997) (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58 n.18 (1993)); *see also McClung v. City of Sumner*, 548 F.3d 1219, 1224 (9th Cir. 2008), *abrogated on other grounds by Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013) ("We need not determine the exact contours of when takings claim ripeness is merely prudential and not jurisdictional"). The basic rationale of ripeness is "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agr. Prod. Co.*, 473 U.S. 568, 580 (1985).

through the procedures the State has provided.'" *Adam Bros. Farming v. Cty. of Santa Barbara*, 604 F.3d 1142, 1146–47 (9th Cir. 2010) (alteration in original) (quoting *Williamson Cty.*, 473 U.S. at 194). In *Knick*, however, the Supreme Court overruled the second requirement, also known as the state-litigation requirement, but left the first requirement referred to as the "finality requirement untouched, so that aspect of *Williamson County* remains good law." *Pakdel v. City & Cty. of San Francisco*, 952 F.3d 1157, 1163 (9th Cir. 2020). Thus, under the holding in *Knick*, plaintiff's takings claim was ripe for federal adjudication when the finality requirement is satisfied.[9] "[A] final decision exists when (1) a decision has been made 'about how a plaintiff's own land may be used' and (2) the local land-use board has exercised its judgment regarding a particular use of a specific parcel of land, eliminating the possibility that it may 'soften[ ] the strictures of the general regulations [it] administer[s].'" *Id.* at 1164 (citation omitted). Specific to the present circumstance, where the "takings or due process claims are based on a permitting authority's unreasonable delay or failure to act within mandated time periods," "a permit approval constitutes a final decision for ripeness purposes." *Woods View II, LLC v. Kitsap Cty.*, 484 F. App'x 160, 161 (9th Cir. 2012)[10] (citing *Norco*, 801 F.2d at 1145–46 (holding that when a takings claim is based on an unlawful delay in the processing of a land-use application, "[t]he *duration* of the wrongful taking may be relevant to determining whether a wrong has occurred, as well as the extent of the damage suffered."); *accord New Port Largo, Inc. v. Monroe Cty.*, 985 F.2d 1488, 1493 (11th Cir. 1993) (citing *Norco*., 801 F.2d 1143); *Biddison v. City of Chicago*, 921 F.2d 724, 728 (7th Cir. 1991) (same); *see also Palazzolo v. Rhode Island*, 533 U.S. 606, 620–21 (2001) ("As a general rule, until these ordinary processes have been followed the extent of the restriction on property is not known and a regulatory taking has not yet been established."); *Oblates of St. Joseph v. Nichols*, No. CIV. S-01-2349 LKK DAD, 2002 WL 34938200, at *3 (E.D. Cal. Apr.

---

[9] The Supreme Court has held "that this Court's application of a rule of federal law to the parties before the Court requires every court to give retroactive effect to that decision." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 90 (1993). Pursuant the Supreme Court's instructions remanding this case, there is no question *Knick* is retroactively applicable here. (*See* Doc. No. 28-2, Ex. B.)

[10] *See* note 4 and accompanying text.

26, 2002) ("'Excessive delay' may, however, supply the requisite finality."). In effect, *if* the plaintiff's takings claim brought in this action is based on the permitting authority's alleged unreasonable delay in approving the land-use application, both elements of the finality requirement are satisfied when the permitting authority *approves* the plaintiff's application.

Here, plaintiff's takings claim is based on defendants' alleged unlawful delay in approving plaintiff's application to subdivide his real property. In his complaint plaintiff alleges as follows:

> The gravamen of this Complaint is that the *delay* was not a normal incident of the regulatory process but that the Board's disapproval and course of conduct in opposing Plaintiffs subdivision application and mandamus action were arbitrary and capricious and / or willful and deliberate obstruction of his constitutionally-protected property rights upending his reasonable investment backed expectations and causing significant economic loss.

(Doc. No. 1 ¶ 3.) Given plaintiff's theory of liability, his takings claim became ripe under *Knick* and accrued when the Board finally approved his application for subdivision of the real property on May 22, 2012. *See MacDonald, Sommer & Frates v. Yolo Cty.*, 477 U.S. 340, 348 (1986) ("A court cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes."); *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1481 (9th Cir. 1989) ("Regardless of the type of claim, it is generally impossible to determine the extent of the infringement absent a final determination by the relevant governmental body.").

2. <u>Plaintiff's Takings Claim is Nonetheless Time-Barred</u>

Given the accrual date of May 22, 2012, plaintiff had until May 22, 2014—or two years later under California Code of Civil Procedure § 335.1—to timely file his takings claim in federal court. Because plaintiff did not file this action until August 10, 2016, it is untimely absent tolling of the limitations period. *See California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050–51 (2017) ("The classic example [of tolling] is the doctrine of equitable tolling, which permits a court to pause a statutory time limit 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" (citation omitted)). Plaintiff does not dispute the fact that his takings claim is untimely absent tolling, even if his date of May 22, 2012 is used as the accrual date. (Doc. No. 31 at 7.)

/////

       3.      <u>Plaintiff Has Failed to Establish that He is Entitled to Equitable Tolling</u>

Plaintiff insists that he is entitled to equitable tolling of the applicable statute of limitations for the period of time during which he was litigating his takings claim in state court from December 12, 2012 to August 19, 2015, thus rendering this action timely brought. (*Id.*) Defendants counter that plaintiff is not entitled to equitable tolling because his state action was itself dismissed as untimely. (Doc. No. 32 at 2–4.) Defendants' argument is well-taken.

The Supreme Court has "indicated that state law doctrines allowing for tolling may be applicable to section 1983 actions," "unless they are inconsistent with federal policy underlying the cause of action under consideration." *Donoghue v. Orange Cty.*, 848 F.2d 926, 930 (9th Cir. 1987) (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 486–87 (1980)); *see also Young v. United States*, 535 U.S. 43, 49 (2002) ("It is hornbook law that limitations periods are customarily subject to 'equitable tolling' . . . ." (citations omitted)). The parties agree that California's equitable tolling doctrine should apply here (*see* Doc. Nos. 31 at 7; 32 at 3–4) and the court will therefore apply that doctrine in this case.

In California, equitable tolling is a "judicially created, nonstatutory doctrine" that, where applicable, will "suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008). "Broadly speaking, the doctrine applies '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.'"[11] *Id.* at 100. "To determine whether equitable tolling may extend a statute of limitations, courts must analyze whether a plaintiff has established the doctrine's three elements: [(1)] timely notice to the defendant, [(2)] lack of

---

[11] The California Supreme Court has recognized three circumstances in which equitable tolling has been applied in California. When (1) "some flexibility from the statute of limitations" is called for because "a plaintiff was already involved in one lawsuit, and filed a subsequent case that could lessen the damage or harm that would otherwise have to be remedied through a separate case"; (2) "where a plaintiff was required to pursue, and did indeed pursue, an administrative remedy before filing a civil action"; *or* (3) where tolling would "serve the ends of justice [because] technical forfeitures would unjustifiably prevent a trial on the merits." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020) (citation omitted). Here, plaintiff does not explain which circumstance fits his case (Doc. No. 31 at 7), but such an explanation is not necessary. Regardless of which circumstance is applicable, the elements of equitable tolling are the same.

11


prejudice to the defendant, and [(3)] reasonable and good faith conduct by the plaintiff." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 725–26 (alteration in original) (citation omitted).  The plaintiff "bears the burden of proving the applicability of equitable tolling." *In re Marriage of Zimmerman*, 183 Cal. App. 4th 900, 912 (2010) (citations omitted); *see also Hinton v. Pac. Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff.").  The court will address only the first element of timely notice in the context of this case.

"The timely notice requirement essentially means that the first claim must have been filed within the statutory period," *and* that "the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." *McDonald*, 45 Cal. 4th at 102 n.2.  The element of timely notice "ought to be interpreted literally." *Saint Francis*, 9 Cal. 5th at 727.  Here, plaintiff argues that "the County had explicit notice of a possible future suit" when he litigated his takings claim in state court from December 12, 2012 to August 19, 2015.  (Doc. No. 31 at 7.)  This argument, however, is unpersuasive because it overlooks the fact that the state trial court dismissed plaintiff's takings claim as "untimely" under limitations period provided for in the California Subdivision Map Act.  (Doc. No. 1 ¶ 65.)  In other words, plaintiff failed to bring his takings claim in state court "within the statutory period" as required by the timely notice element. *McDonald*, 45 Cal. 4th at 102 n.2.  The California Court of Appeal later affirmed the state trial court's dismissal of plaintiff's action for lack of timeliness.  *See Honchariw II*, 238 Cal. App. 4th 1.  Moreover, even though plaintiff petitioned the California Supreme Court for review, his petition was denied in August 2015.  (Doc. Nos. 1 ¶ 71; 7-4.)  Indeed, plaintiff concedes these facts in the allegations of his complaint. (Doc. No. 1 ¶¶ 65, 68–71.)

Federal and California courts have uniformly held, as the court does so here, that the element of timely notice is *not* satisfied when the same claim brought previously in another

/////
/////
/////

proceeding was deemed to be untimely.[12]  *See, e.g.*, *Wade v. Ratella*, 407 F. Supp. 2d 1196, 1205–06 (S.D. Cal. 2005) (finding that the timely notice element is not satisfied because plaintiff unduly delayed in bringing his inmate claims to the prison tribunal to completion); *Diggs v. Williams*, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3–4 (E.D. Cal. June 8, 2006), *report and recommendation adopted*, No. CIV S-05-1168 DFLGGH P, 2006 WL 2527949 (E.D. Cal. Aug. 31, 2006) (finding that the plaintiff was not entitled to equitable tolling because his previous actions in state court were dismissed on statute of limitations grounds); *Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1123 (2020) (declining to apply equitable tolling because the plaintiff had failed to timely file its government claim); *J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648, 658 (2017) (affirming the denial of equitable tolling because the plaintiff "simply failed to comply with the claims statutes, missing an easily ascertainable deadline that has been in place for over 50 years."); *Aguilera v. Heiman*, 174 Cal. App. 4th 590, 600 (2009) (finding that timely notice was not satisfied where the defendants "were not named within the limitations period" in a previous proceeding).  *But see, e.g.*, *Tarkington v. California Unemployment Ins. Appeals Bd.*, 172 Cal. App. 4th 1494, 1499–500, 1503–04 (2009) (finding that there was timely notice because the plaintiffs timely brought their joint petition for writ of administrative mandate "within the six-month statutory period").  Because plaintiff failed to timely pursue his takings claim in state court, the element of timely notice cannot now be satisfied.  It must follow that plaintiff is *not* entitled to equitable tolling of the applicable statute of limitations based upon his untimely pursuit of claims in state court and his takings claim brought in this federal court action is therefore time-barred.

**B.      Plaintiff's Due Process Claim is Also Precluded**

The court now turns to defendants' request for judgment on the pleadings as to plaintiff's due process claim.  (Doc. No. 27 at 18–19.)  In its November 14, 2016 order, the court found that plaintiff's due process claim—which was also predicated on the Board's denial of his application

---

[12] Plaintiff has failed to cite to any authority holding that the element of timely notice can ever be satisfied when the previous claim or action was dismissed on statute of limitations grounds, nor has the undersigned located any such authority.

to subdivide his property—was time-barred under California Civil Procedure Code § 335.1, and that plaintiff had failed to state a cognizable claim. (Doc. No. 13 at 10–11.) As a result, the court dismissed plaintiff's due process claim with prejudice.[13] (*Id.*) Defendants now urge the court to follow the law of case doctrine and again dismiss plaintiff's due process claim for the same reasons stated in the November 14, 2016 order. (Doc. No. 27 at 18–19.) In opposition, plaintiff asks the court to reconsider its previous ruling and allow his due process claim to proceed "for the same reasons that the takings claim is timely." (Doc. No. 31 at 22.) However, above the court has concluded that plaintiff's takings claim is time-barred in light of the decision in *Knick*. In any event, the law of the case doctrine—where "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case," *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004)—is appropriately followed here. For the same reasons set forth above and in the court's November 14, 2016 order (*see* Doc. No. 13 at 10–11), the undersigned concludes that plaintiff's due process claim is time-barred and insufficiently pled. Accordingly, plaintiff's second claim asserting violation of his due process rights must also be dismissed.

### C.     Granting Leave to Amend Would be Futile

"Although, under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be 'freely' given, that liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Here, the court finds that amendment of the complaint would be futile because plaintiff's claims are clearly time-barred based on the allegations of the complaint and the undisputed facts regarding the history of plaintiff's pursuit of his previous case in state court. Under these circumstances, plaintiff cannot cure the noted deficiencies nor establish that he is entitled to equitable tolling of the applicable statute of limitations by way of amendment. Thus, granting leave to amend here is not justified.

---

[13] The Ninth Circuit initially affirmed the court's judgment dismissing plaintiff's action (Doc. No. 18), but later modified its judgment and remanded this case for reconsideration in light of the decision in *Knick* (Doc. No. 21). Although the court's judgment as a whole was remanded, the court's reasoning in dismissing plaintiff's due process claim on November 14, 2016 did not rely on the decision in *Williamson County*. Thus, the change in law brought about by *Knick* does not implicate the court's previous rationale for dismissing plaintiff's due process claim.

## CONCLUSION

In light of the foregoing, defendants' motion for judgment on the pleadings (Doc. No. 27) is GRANTED.  The complaint is hereby DISMISSED with prejudice.  The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __**March 31, 2021**__               *Dale A. Drozd*
                                         UNITED STATES DISTRICT JUDGE